UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA BROWDER LUMPKINS,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-9** |
| **BANK OF AMERICA, et al.**<br>    Defendants | **SECTION "E"** |

## ORDER AND REASONS

Before the Court are two motions to dismiss: (1) defendants Bank of America, N.A.'s ("Bank of America") and Ocwen Loan Servicing Company's ("Ocwen") (collectively, the "Bank of America Defendants") Motion to Dismiss;[1] and (2) Defendants Shapiro & Daigrepont, LLC's ("Shapiro & Daigrepont") and Penny M. Daigrepont's ("Ms. Daigrepont") (collectively the "Daigrepont Defendants") "Supplemental Motion to Dismiss."[2] For the reasons set forth below, both motions to dismiss are granted.

## BACKGROUND

This case arises out of a failure on the part of plaintiff Barbara Browder Lumpkins ("Ms. Lumpkins") to keep current on mortgage payments for a home she purchased in New Orleans in 1989, but was forced to leave as a result of Hurricane Katrina in 2005.[3] While Ms. Lumpkins' mortgage was originally entered into with another company, Bank of America is the current owner of the mortgage, and Ocwen is Bank of America's mortgage servicing agent. Ms. Lumpkins claims that she entered into a forbearance agreement with

---

[1] R. Doc. 50.

[2] R. Doc. 49.

[3] *See* Doc. 1 (Petition for Damages and Request for Trial by Jury); *see also* Doc. 43 (Plaintiff's Amended and Supplemental Complaint for Damages and Request for Trial by Jury).

1

Ocwen to pay some of what she owed on her mortgage, and she claims that she paid $798.00 "for years up until October 2010, when at which time she began negotiating a modification with Ocwen."[4] Lumpkins claims that in October 2010, she applied for a loan modification with Ocwen due to "economic hardship and medical incapacitation," but she claims she was never notified of Ocwen's determination.[5]

On December 6, 2010, Ms. Daigrepont sent Ms. Lumpkins a letter informing Ms. Lumpkins that Bank of America had retained the services of Shapiro & Daigrepont for a state court foreclosure proceeding against Ms. Lumpkins and her ex-husband, alleging a debt of $94,333.47. Ms. Lumpkins claims that the Daigrepont Defendants have not produced any "authentic evidence" of the debt alleged, and she contends that at all times she was current on her mortgage and never defaulted on the loan. Ms. Lumpkins claims that Bank of America and Ocwen breached the mortgage contract by not only taking payments from her, but also by retaining Shapiro & Daigrepont to institute foreclosure proceedings against her at the same time, that Ms. Daigrepont failed to conduct a "reasonable search before taking action against her," and that Ocwen committed fraud by adding excessive charges to Ms. Lumpkins' note in October 2010. Ms. Lumpkins claims that these actions were in violation of the Fair Debt Collection Practices Act ("FDCPA").[6] She also claims that these actions unjustly enriched Bank of America and the other

---

[4] The defendants all deny that Ms. Lumpkins' forbearance payment was a monthly mortgage payment, and state that at the time foreclosure proceedings were instituted, Ms. Lumpkins had only made enough payments to be current through January 2010.

[5] Ocwen states that it denied the modification application.

[6] Ms. Lumpkins' amended complaint alleges violations of the Fair Debt Collection Procedures Act, but the Court assumes that Ms. Lumpkins is asserting a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691, *et seq.*

defendants, that defendants' false misrepresentation regarding delinquent payment" was "slanderous and wrong," and that Ocwen's actions harmed her reputation. Finally, Ms. Lumpkins claims that the actions of the Bank of America Defendants and the Daigrepont Defendants have caused her to lose her "primary residence, equity interest, insurance funds, elevation funds and the legal right to possess with enjoyment her home." The state court foreclosure proceedings instituted by the Daigrepont Defendants, on behalf of the Bank of America Defendants, culminated in the issuance of a writ of seizure and sale by the state court, the adjudication of Ms. Lumpkins' home at a sheriff's sale to Bank of America as seizing creditor that same day, and the subsequent deeding of the home to Bank of America.

On January 3, 2012, Ms. Lumpkins filed a complaint in this Court,[7] and also a motion for temporary restraining order, preliminary injunction, permanent injunction, and declaratory judgment.[8] On February 28, 2012, while this matter was pending before Section "A," Judge Zainey denied Ms. Lumpkins' motion for a temporary restraining order, preliminary injunction, permanent injunction, and declaratory judgment.[9] On March 8, 2012, the Bank of America Defendants filed a motion to dismiss Ms. Lumpkins' complaint,[10] and on March 14, 2012, the Daigrepont Defendants filed a motion to dismiss the complaint.[11] Instead of responding to the pending motions to dismiss, Ms. Lumpkins moved to amend her complaint on May 15, 2012, which amended complaint dismisses

---

[7] R. Doc. 1.

[8] R. Doc. 2.

[9] R. Doc. 21.

[10] R. Doc. 23.

[11] R. Doc. 32.

3

certain defendants and changes her causes of action. On May 17, 2012, this Court granted Ms. Lumpkins leave to amend, and ordered those defendants that remained parties in this matter to re-file or re-urge their previously filed motions to dismiss if necessary.[12] Both the Bank of America Defendants and the Daigrepont Defendants re-urged their motions to dismiss on June 7, 2012. On July 3, 2012, Ms. Lumpkins filed her opposition to these re-urged motions to dismiss.[13]

## ARGUMENTS OF THE PARTIES

The Bank of America Defendants argue that Ms. Lumpkins' claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks jurisdiction over the subject matter, as they claim the proceeding is nothing more than a collateral attack on a state court judgment, and also pursuant to Rule 12(b)(6) because Ms. Lumpkins' amended complaint fails to state a cause of action upon which relief may be granted. The Daigrepont Defendants' motion to dismiss echoes the same arguments made by the Bank of America Defendants.

Ms. Lumpkins' opposition essentially reiterates the claims she made in her original and amended complaints. She argues that this Court has federal question and supplemental jurisdiction over the subject matter in this case, and that the claims in her amended complaint are sufficient to defeat a Rule 12(b)(6) motion to dismiss for failure to state a claim. Ms. Lumpkins' opposition also argues that she can make out a viable claim under 42 U.S.C. § 1983, which claim she included in her original complaint but not her

---

[12] R. Doc. 42. Because the Bank of America Defendants' and Daigerepont Defendants' original motions to dismiss sought to dismiss the claims in Ms. Lumpkins' original complaint, those motions were rendered moot when Ms. Lumpkin's amended complaint was filed.

[13] R. Doc. 52.

4

amended complaint.

The Bank of America Defendants and the Daigrepont Defendants both filed replies in further support of their motions to dismiss, with the Bank of America Defendants focusing on Ms. Lumpkins' "resuscitate[d]" § 1983 claims,[14] and the Daigrepont Defendants focusing on certain factual allegations made by Ms. Lumpkins in her opposition.[15]

**ANALYSIS**

Federal Rule of Civil Procedure 12(h)(3) mandates the dismissal of an action when a federal court lacks jurisdiction over the subject matter of the plaintiff's claim. A party seeking to challenge a federal court's jurisdiction, based upon the allegations on the face of the complaint, may file a motion pursuant to Federal Rule of Civil Procedure 12(b)(1). *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts." *Barrera-Montenegro*, 74 F.3d at 659 (internal citations omitted). A federal court has an unflagging duty to inquire into its jurisdiction whenever the possibility of a lack of jurisdiction arises. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As the party asserting federal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper. *Id.*

The Court should consider a Rule 12(b)(1) jurisdictional attack before addressing any

---

[14] R. Doc. 61.

[15] R. Doc. 58.

5

attack on the merits. *In re FEMA Trailer Formaldehyde Prods. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of [her] claims entitling [her] to relief." *Id.* at 287 (citing *Wagstaff v. United States Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

Under the "*Rooker-Feldman*" doctrine, a federal court is deprived of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Colum. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). "A plaintiff cannot circumvent this jurisdiction by asserting claims not raised in the state court proceedings or claims framed as original claims for relief," if such claims are "'inextricably intertwined' with a state court judgment." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n. 16)); *see also Carter v. Deutsche Bank Nat. Trust Co.*, No. 10-797, 2010 WL 3074323, at *2 (E.D. La. Aug. 2, 2010) (Vance, J.). Likewise, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986). Indeed, the only federal recourse for constitutional questions arising in state court may be found by applying for a writ of certiorari to the United States Supreme Court. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

The claims in Ms. Lumpkins' amended complaint are precisely the kind of claims to which the *Rooker-Feldman* doctrine is intended to apply. Without explicitly saying so, it is clear that Ms. Lumpkins is asking the Court to invalidate, or otherwise negate, the state court's judgment ordering the seizure and sale of her property, and asking the Court to find that the process undertaken by the defendants and the state court was somehow invalid or improper. A party seeking federal review of a state court foreclosure proceeding is not uncommon, and courts in this circuit have consistently held that claims such as Ms. Lumpkins' are barred by the *Rooker-Feldman* doctrine because subject matter jurisdiction is lacking. *See, e.g. Wylie v. Bank of New York Mellon*, No. 11-2312, 2012 WL 729842, at *4-6 (E.D. La. Mar. 6, 2012) (Jolivette Brown, J.); *Carter*, at *2-4; *Pease v. First Nat. Bank*, 335 F. App'x. 412, at *2 (5th Cir. 2009) (unpublished); *Flores v. Citizens State Bank of Roma, Tex.*, 132 F.3d 1457, at *1 (5th Cir. 1997) (unpublished).

Ms. Lumpkins' FDCPA claim is barred by the *Rooker-Feldman* doctrine, as it does not challenge the collection practices used by the defendants, but instead challenges the validity of the underlying debt. Nowhere in either Ms. Lumpkins' original or amended complaint, or in any document for that matter, does Ms. Lumpkins explain her FDCPA claim in any detail other than to say that she thinks she did not owe a debt and defendants should not have instituted collection proceedings. Because her FDCPA claim cannot be construed as anything other than a challenge to the validity of a debt - an issue already determined in state court - this Court lacks jurisdiction to review that judgment, and thus lacks jurisdiction over Ms. Lumpkins' FDCPA claim. *Cf. Brooks v. Flagstar Bank, FSB*, No. 11-67, 2011 WL 2710026, at *4 (E.D. La. July 12, 2011) (Vance, J.) ("[W]hen the FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the

7

creditor, the FDCPA claim is independent from the state court collection action and the federal court has subject matter jurisdiction over that FDCPA claim.") (internal citations omitted).

Ms. Lumpkins' state law claims also are barred by *Rooker-Feldman*, as they all are inextricably intertwined with the state court's foreclosure judgment, if not direct "appeals" of that judgment. Her state law fraud, wrongful foreclosure, breach of contract, and unjust enrichment claims all stem directly from the state court's decision to enter a judgment seizing Ms. Lumpkins' home and directing that it be sold at a sheriff's sale. Setting aside a discussion of the merits of Ms. Lumpkins' state law claims, it is clear that they are inextricably intertwined with the state court's judgment, and this Court has no jurisdiction over them under *Rooker-Feldman*.

It should also be noted that because the Court lacks jurisdiction over Ms. Lumpkins' FDCPA claim, the only cause of action arising under federal law asserted in her amended complaint,[16] the Court cannot exercise supplemental jurisdiction over Ms. Lumpkins' pendent state law claims. *Exxon Mobil Corp., v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("In order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action.") (internal citation omitted). A finding that the Court lacks jurisdiction over Ms. Lumpkins' federal claim necessitates a

---

[16] While it seemed that Ms. Lumpkins had abandoned the § 1983 civil rights claims she asserted in her original complaint when she failed to include those claims in her amended complaint, considering the opposition she filed to the motions to dismiss, which focused almost entirely on § 1983, she may not have intended to give up those claims. Without deciding whether Ms. Lumpkins waived and/or abandoned her § 1983 claims by intentionally or unintentionally leaving them out of her amended complaint, the Court finds that Ms. Lumpkins' § 1983 claim is barred by the *Rooker-Feldman* doctrine. As explained earlier, "[l]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Turner v. Cade*, 354 F. App'x. 108, 111 (5th Cir. 2009) (unpublished) (quoting *Hale,* 786 F.2d at 690-91)).

finding that the Court has no authority to exercise supplemental jurisdiction over her state law claims. For both of these reasons - the application of *the Rooker-Feldman* doctrine and the lack of an independent ground for the exercise of supplemental jurisdiction - the Court lacks jurisdiction over Ms. Lumpkins' state law claims. Furthermore, even if it were possible for the Court, in its discretion, to exercise jurisdiction over her state law claims, it would decline to do so. *See* 28 U.S.C. § 1367(c)(3)*; Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

Because the Court finds that it lacks jurisdiction over the subject matter in this case, it need not address whether Ms. Lumpkins' amended complaint would survive under a Rule 12(b)(6) analysis. The complaint must be dismissed.

Accordingly, **IT IS ORDERED** that the re-urged motions to dismiss filed by the Bank of America Defendants and the Daigrepont Defendants be and hereby are **GRANTED**.

**IT IS FURTHER ORDERED** that the motions to dismiss Ms. Lumpkins' original complaint be and hereby are **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that Ms. Lumpkins' claims against all defendants be and hereby are **DISMISSED** due to a lack of subject matter jurisdiction.

**New Orleans, Louisiana, this** 10th **day of December, 2012.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**