UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA BROWDER LUMPKINS,**<br>      **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-9** |
| **BANK OF AMERICA, et al.,**<br>      **Defendants** | **SECTION "E"** |

ORDER AND REASONS

Before the Court is plaintiff Barbara Lumpkins' ("Ms. Lumpkins") motion to vacate[1] the Court's December 10, 2012 Order and Reasons (the "December 10 Order").[2] For the reasons set forth below, Ms. Lumpkins' motion is denied.

BACKGROUND

This case arises out of a failure on the part of plaintiff Barbara Browder Lumpkins ("Ms. Lumpkins") to keep current on mortgage payments for a home she purchased in New Orleans in 1989 and was forced to leave as a result of Hurricane Katrina in 2005.[3] Among other things, Ms. Lumpkins claimed that defendant Bank of America, the owner of the mortgage, and Ocwen Loan Servicing Company ("Ocwen"), Bank of America's mortgage servicing agent,[4] breached Ms. Lumpkins' mortgage contract by taking payments from Ms. Lumpkins while also retaining defendant law firm Shapiro & Daigrepont to institute foreclosure proceedings, and that Ocwen committed fraud by adding excessive charges to

---

[1] R. Doc. 68.

[2] R. Doc. 66; *see also* R. Doc. 67 (Judgment).

[3] *See* Doc. 1 (Petition for Damages and Request for Trial by Jury); *see also* Doc. 43 (Plaintiff's Amended and Supplemental Complaint for Damages and Request for Trial by Jury).

[4] For ease of reference, the Court refers to Bank of America and Ocwen as the "Bank of America Defendants."

1

Ms. Lumpkins' note. Ms. Lumpkins also claimed Shapiro & Daigerepont and defendant Penny Daigrepont ("Ms. Daigrepont) (collectively, the "Daigrepont Defendants"), violated the Fair Debt Collection Practices Act ("FDCPA") by sending Ms. Lumpkins a letter relating to the institution of the state court foreclosure proceeding.[5] Finally, Ms. Lumpkins claimed these actions unjustly enriched Bank of America and the other defendants, that defendants' false misrepresentation regarding delinquent payment" was "slanderous and wrong," and that Ocwen's actions harmed her reputation.

After the state court action ran its course, Ms. Lumpkins filed in this Court a complaint[6] and a motion for temporary restraining order, preliminary injunction, permanent injunction, and declaratory judgment.[7] On February 28, 2012, Judge Zainey denied Ms. Lumpkins' motion for a temporary restraining order, preliminary injunction, permanent injunction, and declaratory judgment.[8] After Ms. Lumpkins amended her complaint,[9] the Bank of America Defendants and the Daigrepont Defendants moved to dismiss Ms. Lumpkins' claims. On December 10, the Court granted defendants' motions to dismiss all Ms. Lumpkins' claims against all defendants for lack of subject matter

---

[5] As explained in the December 10 Order, the state court foreclosure proceedings culminated in the issuance of a writ of seizure and sale by the state court, the adjudication of Ms. Lumpkins' home at a sheriff's sale, and the subsequent deeding of the home to Bank of America.

[6] R. Doc. 1.

[7] R. Doc. 2.

[8] R. Doc. 21.

[9] R. Doc. 43.

jurisdiction based on the *Rooker-Feldman* doctrine.[10] The Court determined that, because Ms. Lumpkins's FDCPA claim asked the Court to invalidate the state court seizure and sale of her property and to find the process undertaken by the defendants and the state court was invalid, Ms. Lumpkins' FDCPA claim was barred by the *Rooker-Feldman* doctrine because the Court lacks jurisdiction to review a state court's judgment. Further, the Court dismissed Ms. Lumpkins' state law fraud, wrongful foreclosure, breach of contract, and unjust enrichment claims as barred by the *Rooker-Feldman* doctrine as well, as those claims were inextricably intertwined with the state court's foreclosure judgment. The Court also noted that even if the *Rooker-Feldman* doctrine did not divest the Court of jurisdiction over the state law claims, the dismissal of the FDCPA claim, the only cause of action arising under federal law asserted in Ms. Lumpkins' amended complaint, meant the Court could not and would not exercise supplemental jurisdiction over those state law claims.

Ms. Lumpkins now seeks to have the December 10 Order vacated. Ms. Lumpkins' motion is very difficult to understand, but the Court identifies four reasons why Ms. Lumpkins believes the December 10 Order should be vacated: (1) the Court incorrectly applied the *Rooker-Feldman* doctrine and unfairly denied Ms. Lumpkins her right to a jury trial by dismissing her case; (2) the Court was biased against Ms. Lumpkins; (3) Ms. Lumpkins recently learned of a consent decree entered in April 2012 in an unrelated lawsuit against Bank of America; and (4) Ms. Lumpkins was denied due process in state court.

The Bank of America Defendants and the Daigrepont Defendants oppose Ms.

---

[10] Under the "*Rooker-Feldman*" doctrine, a federal court is deprived of jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. of Colum. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).

Lumpkins' motion to vacate.[11] The Bank of America Defendants and the Daigrepont Defendants also seek sanctions against Ms. Lumpkins and her counsel in the form of an award of the costs and attorney's fees incurred by counsel for the Bank of America Defendants and the Daigrepont Defendants in responding to Ms. Lumpkins' motion.

## ANALYSIS

### I.     Federal Rule of Civil Procedure 60(b)

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration or vacation of a court order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Thus, a motion to reconsider is generally analyzed under either Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Higgins v. Cain*, No. 07–9729, 2012 WL 3309716, at *1 (E.D.La. Aug. 13, 2012). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. FED. R. CIV. P. 59(e). Rule 60(b) applies to motions to reconsider filed more than twenty-eight days after the entry of judgment,[12] and Rule 60(b) demands more "exacting substantive requirements" than Rule 59(e). *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc). Ms. Lumpkins' motion to vacate was filed on January 30, 2013, so the Court analyzes the motion under the more stringent Rule 60 standard.

---

[11] *See* R. Doc. 69 (Bank of America Defendants' opposition); R. Doc. 70 (Daigrepont Defendants' opposition).

[12] A Rule 60(b) motion must be brought within a "reasonable time" after judgment, and motions brought pursuant Rule 60(b)(1), (2), and (3) must be brought within one year of the judgment or order. FED. R. CIV. P. 60(c); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007).

Under Rule 60(b), the Court may "relieve a party from a final judgment" for one of six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The district court enjoys broad discretion in assessing whether any of these reasons are present in a given case. *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 638 (5th Cir. 2005).

## II. Ms. Lumpkins Has Not Identified Any Basis Under Rule 60(b) for the Court to Vacate or Otherwise Reconsider the December 10 Order

The Court, in its discretion, denies Ms. Lumpkins' motion to reconsider the December 10 Order because none of the grounds for reconsideration contained in Rule 60(b) are present in this case. While Ms. Lumpkins does not specify which subsection she claims provides a basis for reconsideration in this case, it appears she is seeking relief under subsections (1), (2), (3), (4), and (6) of Rule 60.[13] The Court will briefly address these

---

[13] Ms. Lumpkins' motion does not appear to seek relief under Rule 60(b)(5).

5

subsections.

### A.     Rule 60(b)(1)

The first ground Ms. Lumpkins relies upon for the Court to vacate the December 10 Judgment is that the Court erred in its application of the *Rooker-Feldman* doctrine in dismissing this case for lack of subject matter jurisdiction.  Ms. Lumpkins claims she was deprived of her right to due process in the state court action and should thus be allowed to litigate a civil rights action in federal court.  She argues this civil rights lawsuit is not an attempt to re-litigate what was litigated in state court.

In the Fifth Circuit, a Rule 60(b)(1) motion for reconsideration based on legal error "may be used 'to rectify an obvious error of law, apparent on the record.'" *Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). "If such is the purpose of the motion, the Rule 60(b) motion ordinarily must be filed within the time for taking an appeal,"[14] thus preventing a Rule 60(b)(1) motion "from being used as a substitute for a timely appeal on disputed issues." *Id*.  A rule 60(b)(1) motion is not an appropriate vehicle for a party to re-litigate a dispositive motion.   The Court is satisfied that it correctly dismissed Ms. Lumpkins' claims based on the *Rooker-Feldman* doctrine, and Ms. Lumpkins has not demonstrated any legal error by the Court in taking this action.  Rule 60(b)(1) does not provide a basis for reconsideration of the December 10 Judgment.

### B.     Rule 60(b)(2)

The second basis identified by Ms. Lumpkins for the Court to vacate the December

---

[14] A Rule 60(b)(1) motion based on legal error may be permitted outside the time for filing a notice of appeal has expired on "rare occasions," such as a change in the law. *Benson*, 575 F.3d at 547 n.2.

10 Judgment is that she recently discovered a consent decree entered in April 2012 in a class action lawsuit filed by the United States against Bank of America. She argues this consent decree is relevant to this case, and, if the Court would have been made aware of the consent decree prior to the December 10 Judgment, the result in this case "probably would change." She also explains that she would like to "adopt" the allegations made in that case into her complaint in this case.

    A Rule 60(b)(2) motion for reconsideration based on newly discovered evidence requires a movant to demonstrate the existence of "admissible and credible" evidence, which was not available at the time of the judgment, that (1) the movant exercised due diligence in obtaining; and (2) is "material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 259 (5th Cir. 2003). Neither of these requirements is met in this case. Ms. Lumpkins apparently believes the Court should have considered the entry of an April 2012 consent decree in an unrelated class action lawsuit against Bank of America in relation to Ms. Lumpkins' case, but she has failed to explain how the existence of that consent decree is relevant in this case, and, even if it were relevant, she has offered no explanation for her failure to bring the consent decree the Court's attention sooner. Ms. Lumpkins has not shown she could not have obtained evidence of the consent decree earlier, despite her due diligence, nor has she shown that, had evidence of the consent decree been presented to the Court before entry of the December 10 Judgment, the evidence would have produced a different result. Rule 60(b)(2) does not provide a basis for reconsideration of the December 10 Judgment.

### C.     Rule 60(b)(3)

Third, Ms. Lumpkins contends the parties in this case engaged in fraud and that such fraudulent activity provides a basis for the Court to vacate the December 10 Judgment. Specifically, she argues that Ms. Daigrepont had an improper *ex parte* communication with the state court judge presiding over the state court foreclosure action and that, during that state court action, the defendants engaged in other fraudulent activity.

A Rule 60(b)(3) motion for reconsideration based on fraud requires the movant to "establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) (internal citations omitted). "The purpose of the rule is to afford parties relief from judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995). While Ms. Lumpkins' motion mentions fraudulent activity allegedly engaged in during the pendency of the state court action, she does not direct the Court's attention to any allegedly fraudulent activity in this case. She has not shown that any party in this case engaged in fraud, nor has she shown that she was prevented from fully and fairly presenting her case. Rule 60(b)(3) does not provide a basis for reconsideration of the December 10 Judgment.

### 4.     Rule 60(b)(4)

Ms. Lumpkins' fourth reason why the Court should vacate the December 10 Judgment is that the Court's judgment dismissing this case for lack of subject matter jurisdiction is void. Ms. Lumpkins argues that, because she demanded a jury trial in connection with her filing of her complaint in federal court, this Court should have let the

case proceed to trial by jury rather than decide the jurisdictional issue presented by the motions to dismiss filed by the Bank of America Defendants and the Daigrepont Defendants.

A Rule 60(b)(4) motion for reconsideration based on voidness requires the movant demonstrate the judgment at issue to be a "legal nullity"; that is, "a judgment so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010). As the Supreme Court explained in *Espinosa*:

> A judgment is not void [for Rule 60(b)(4) purposes], for example, simply because it is or may have been erroneous. . . . Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal. . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.

*Espinosa*, 130 S. Ct. at 1377 (internal quotation marks and citations omitted). The December 10 Judgment is not clearly void. Ms. Lumpkins had notice the proceedings in this case, and she had every opportunity to be heard. Likewise, while the Court ultimately determined it lacked jurisdiction to hear this case, it was certainly empowered to make that determination. Ms. Lumpkins has not stated any reason why the December 10 Judgement was void. Rule 60(b)(4) does not provide a basis for reconsideration of the December 10 Judgment.

### E. Rule 60(b)(6)

Finally, Ms. Lumpkins argues the Court was biased, thus depriving her of the right to a fair trial. Specifically, she argues that Judge Zainey, the Judge formerly assigned to this case, had a "personal" relationship with certain attorneys for the defendants, and thus

9

should have recused himself pursuant to 28 U.S.C. § 455(a). She argues Judge Zainey should have transferred this case earlier than four months after it was filed. In addition, she argues the December 10 Judgment indicates bias on the part of this Court as well.

A Rule 60(b)(6) motion for reconsideration provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). This "any other reason" language is interpreted in the Fifth Circuit as "any other reason than those contained in the preceding five enumerated grounds of Rule 60(b)." *Rocha v. Thaler*, 619 F.3d 387, 399 (5th Cir. 2010). Rule 60(b)(6) provides relief only in "extraordinary circumstances." *Id.* at 400. If an impartial judge is biased against a party and does not recuse himself or herself pursuant to 28 U.S.C. § 455, the Fifth Circuit has held such a situation may be one in which a Rule 60(b)(6) motion could be the appropriate for the aggrieved party to seek relief. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). Ms. Lumpkins argues this case presents such a situation, but her unsubstantiated allegations of bias and/or prejudice fall woefully short of making the necessary showing for the Court to exercise its discretion and vacate its earlier Order.

Further, Ms. Lumpkins' allegations of bias and prejudice cannot be said to have been brought within a reasonable time, and are thus untimely for Rule 60(b) purposes, as a party seeking disqualification must do so as soon as the reasons for that disqualification become known, *Travelers*, 38 F.3d at 1410, not several months after the case has been dismissed. *See, e.g., Hill v. Schilling*, 495 F. App'x 480, 484 (5th Cir. 2012) ("the closest thing to per se untimeliness . . . occurs when a party already knows the facts purportedly showing an appearance of impropriety but waits until after an adverse decision has been made by the judge before raising the issue of recusal"). Finally, it is well-settled that an adverse judicial

ruling, in and of itself, is not evidence of bias or impartiality. *See, e.g., United States v. Olis*, 571 F. Supp. 2d 777, 787 (S.D. Tex. 2008). Rule 60(b)(6) does not provide a basis for reconsideration of the December 10 Judgment.

Because none of the enumerated bases for relief contained in Rule 60(b) are present in this case, the Court, in its discretion, declines Ms. Lumpkins' invitation to vacate or reconsider the December 10 Judgment. Ms. Lumpkins' motion to vacate is denied.

### III. Sanctions Will Not be Ordered at this Time

Having determined that Ms. Lumpkins' motion to vacate lacks merit, the Court turns to the requests for sanctions filed by the Bank of America Defendants and the Daigrepont Defendants. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The decision to impose sanctions under § 1927 falls within the district court's sound discretion. *See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.,* 38 F.3d 1414, 1417 (5 th Cir. 1994). The Court also has inherent authority to sanction an attorney or a party for bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55-56 (1991). As with § 1927, the decision to impose sanctions under the court's inherent power is left to the district court's discretion *Id*.

The Court, in its discretion, declines to order sanctions against Ms. Lumpkins or her counsel at this time. That said, the Court will not hesitate to order sanctions against Ms. Lumpkins and/or her counsel in the future, and this Order shall serve as a warning that further pleadings containing the kinds of baseless allegations contained in the motion now before the Court will not be tolerated.

## CONCLUSION

**IT IS ORDERED** that Ms. Lumpkins' motion to vacate be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the requests for sanctions contained in the Bank of America Defendants' and the Daigrepont Defendants' oppositions to Ms. Lumpkins' motions be and hereby are **DENIED.**

New Orleans, Louisiana, this  8th  day of April, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**